UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


DAVID R. PADDISON                              CIVIL ACTION

v.                                             NO. 06-9472


STATE FARM FIRE AND CASUALTY                   SECTION "F"
COMPANY


ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

The plaintiff sued State Farm for damages and penalties arising from State Farm's alleged failure to pay for damages to plaintiff's Hurricane Katrina-damaged property.  The plaintiff's State Farm policy provides coverage in the following amounts: $114,900 for dwelling, $11,490 for the dwelling extension, $5,745 for contents, and "actual loss sustained" for loss of rents.  State Farm has paid $72,899.41 under the policy for damage sustained to plaintiff's dwelling and $20,831 for loss of rents.

The plaintiff filed suit in state court, State Farm removed to this Court, and the plaintiff now moves to remand the case based on lack of diversity jurisdiction.  The plaintiff contends that the jurisdictional amount in controversy is not met.

I.

Although the plaintiff challenges removal in this case,

1

the removing defendants carry the burden of showing the propriety

of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil,

Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp.,

855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities

are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296

(5th Cir. 1979), as the removal statute should be strictly

construed in favor of remand.  York v. Horizon Fed. Sav. and Loan

Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil

& Gas Corp. v. Sheets, 313 U.S. 100 (1941).

## II.

To exercise diversity jurisdiction, complete diversity

must exist between the plaintiffs and all of the properly joined

defendants, and the amount in controversy must exceed $75,000.  See

28 U.S.C. § 1332.

State Farm contends that this Court has diversity

jurisdiction over this suit because the parties are completely

diverse and the plaintiff seeks recovery in excess of $75,000.

State Farm is a citizen of Illinois and the plaintiff is a citizen

of Louisiana; thus, the parties are completely diverse.  The only

dispute here is whether the amount-in-controversy requirement is

met.

## III.

To determine whether it has jurisdiction, the Court must

consider the allegations in the state court petition as they

existed at the time of removal.  See Manguno v. Prudential Prop. &
Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v.
State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

Louisiana law prohibits the plaintiff from petitioning
for a specified quantum.  See La. Code Civ. P. art. 893(A)(1).  The
plaintiff's petition, in conformity with Louisiana law, is silent
regarding the quantum of damages.  Where, as here, the plaintiff
has alleged an indeterminate amount of damages, the removing party
must prove by a preponderance of the evidence that the amount in
controversy exceeds $75,000.  Simon v. Wal-Mart Stores, 193 F.3d
848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47
F.3d 1404, 1412 (5th Cir. 1995).  This showing may be made by
either (1) showing that it is facially apparent that the
plaintiff's claims likely exceed $75,000 or (2) setting forth the
facts in controversy that support a finding of the jurisdictional
amount.  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th
Cir. 1999).

It is not facially apparent from the plaintiff's
complaint that his claims likely exceed $75,000.  Thus, the
defendant must set forth facts in controversy that support a
finding that the jurisdictional amount-in-controversy is met.  See
id.  "Removal, however, cannot be based simply upon conclusory
allegations."  See Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335
(5th Cir. 1995) (citation omitted).  Here, the defendant has paid

the plaintiff $72,899.41 under the policy for damage to his dwelling and $20,831 in loss of rents. These are the only jurisdictional facts provided to the Court. As the removing party, however, the defendant bears the burden to show that the amount in controversy *more likely than not* exceeds $75,000. The defendant would have the Court assume that the plaintiff seeks to recover his insurance policy limits and that he would likely recover enough in state law penalties to surpass the jurisdictional amount-in-controversy threshold. The defendant has not carried its burden.

Based on the plaintiff's allegations and the jurisdictional facts before the Court, State Farm has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, the plaintiff's motion to remand is GRANTED.

New Orleans, Louisiana, March 5, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE